CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHL

JAN 03 2012

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MICHAEL ANTHONY MCCLANAHAN, )        Civil Action No. 7:11-cv-00392
    Plaintiff,             )
                      )
v.                        )        **MEMORANDUM OPINION**
                      )
LARRY CROUSE,            )        By:   Hon. Jackson L. Kiser
    Defendant.         )               Senior United States District Judge

Michael Anthony McClanahan, a Virginia inmate proceeding pro se, filed a civil rights

complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff

names Larry Crouse as the sole defendant. Liberally construing the Complaint, plaintiff alleges that

Crouse conducted illegal searches and seizure of his property in violation of the Fourth Amendment

of the United States Constitution. This matter is before me for screening, pursuant to 28 U.S.C.

§ 1915A. After reviewing plaintiff's submission, I dismiss the Complaint without prejudice for

failing to state a claim upon which relief may be granted.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim

is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2),

1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably

meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or

claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319,

327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint

needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and

sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's

basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Fourth Amendment to the United States Constitution states in pertinent part, "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause. . . ." The protections of the Fourth Amendment are triggered when a person "has a legitimate expectation of privacy in the invaded place" or seized item. Rakas v. Illinois, 439 U.S. 128, 143 (1978).

2

Plaintiff's only description of supporting facts states, "Larry Crouse came to my residence twice and searched and s[ei]zed property without having my permission or without having a proper search warrant." (Compl. 2.) Plaintiff's simple statement that he did not consent to a search or seizure that occurred without a warrant does not sufficiently explain how Crouse's alleged actions constitute an unreasonable search or seizure in violation of plaintiff's legitimate expectation of privacy. Plaintiff does not allege that the search and seizure occurred within a curtilage or residence. Plaintiff does describe any facts to support an inference that he was not on probation, no exigent circumstances existed, or that evidence was not in plain view. Plaintiff does not provide any factual allegation about the circumstances of the search, and without such facts, he fails to state a claim that is "plausible on its face." Twombly, 550 U.S. at 570. Accordingly, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 3rd day of January, 2012.

Senior United States District Judge

3